# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **PATRICIA STANIFER,** | : | **CASE NO.: 1:20-CV-00795** |
| | : | |
| **Plaintiff,** | : | **JUDGE** |
| | : | |
| vs. | : | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| | : | |
| **MENARD, INC. et al.,** | : | |
| | : | |
| **Defendants.** | : | |

Defendant Menard Inc., by and through counsel, and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action from the Hamilton County, Ohio Court of Common Pleas. In support of its Notice, Defendant states the following:

1.

Plaintiff Patricia Stanifer, an Ohio resident, filed a civil action against Defendants Menard, Inc. and Thyssenkrupp Elevator Corporation in the Hamilton County, Ohio Court of Common Pleas on September 14, 2020, under Case No. A 2003212. (A true and correct copy of the Complaint is attached hereto as Exhibit A).

In her Complaint, Plaintiff alleges that on September 19, 2018, she was injured when her cart became wedged along the side of the moving walkway, "pinning her to the other side of the walkaway and pummeling her." (Pl.'s Compl. at ¶ 8). Plaintiff asserts that as a result of the accident she has "suffered both economic and non-economic damages including, but not limited to rib bruising, back injuries, hip injuries, pelvis injuries and the removal of surgical screws as well as pain and suffering, emotional distress, some of which are permanent and will continue in the future" as well as punitive damages (*Id.* at ¶¶ 30-32). Menard specifically denies any wrongdoing or civil liability to Plaintiff.

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Southern District of Ohio has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Removal is proper because:

(a) Plaintiff is an Ohio resident (See Complaint);

(b) Defendant Menard, Inc. is a Wisconsin corporation with its principal of business in Wisconsin; and

(c) Defendant Thyssenkrupp Elevator Corporation is organized under the laws of the state of Delaware and has its principle place of business in Alpharetta, Georgia. Thyssenkrupp Elevator Corporation has consented to removal of this case. A true and accurate copy of the Consent is attached hereto as Exhibit B.

(d) The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000).[1]  Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $100,000 plus interests, costs, expenses, attorneys fees, punitive and exemplary damages.[2]  (*See* Complaint at Prayer for Relief). In addition, under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific

---

[1] As more fully set forth in Part 1 above, Plaintiff asserts Defendant Menard is liable for "both economic and non-economic damages including, but not limited to rib bruising, back injuries, hip injuries, pelvis injuries and the removal of surgical screws as well as pain and suffering, emotional distress, some of which are permanent and will continue in the future" as well as punitive damages. (*See* Complaint. at ¶¶ 30-32.)

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1446(c)(2)(B). Ohio law prohibits specifying the amount of damages sought in a complaint and permits recovery beyond what is demanded in the complaint. See Ohio R. Civ. P. 8(A) & 54(C); see also *Sherfey v. Volkswagen Grp. of Am., Inc.*, No 1:16CV776, 2016 WL 1741254, at *3-4 (N.D. Ohio May 3, 2016) (stating that "28 U.S.C. § 1446(c)(2)(B) expressly states that in states such as Ohio, when 'the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded,' removal is appropriate if 'the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").  The amount in controversy clearly exceeds $75,000 and this case is removable.

4.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit C), together with a copy of this Notice of Removal is being filed with the Clerk of the Hamilton County, Ohio Court of Common Pleas and shall be served on Plaintiff and Defendant Thyssenkrupp Elevator Corporation.

WHEREFORE, Defendant prays that this action be removed from the Hamilton County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and request that this Court assume full jurisdiction over the case herein as provided by law.

Respectfully submitted,

**REMINGER CO., L.P.A.**

/s/Carrie M. Starts
Carrie M. Starts, Esq. (0083922)
525 Vine Street, Suite 1500
Cincinnati, OH 45202
PH:  513-721-1311
FX:  513-721-2553
Email:  cstarts@reminger.com
*Attorney for Defendant Menard, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed by regular U.S. mail and/or electronic mail this 7th day of October, 2020 to:

James Papakirk
Grant Wenstrup
Flagel & Papakirk, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
jpapakirk@fp-legal.com
gwenstrup@fp-legal.com
*Attorneys for Plaintiff*

Peter L. Ney
Michael J. Chapman
Rendigs, Fry, Kiely & Dennis, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
mchapman@rendigs.com
pney@rendigs.com
*Attorneys for Thyssenkrupp Elevator Corporation*

/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)