

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
September 14, 2020 04:41 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 985177

**PATRICIA STANIFER**　　　　　　　　　　**A 2003212**

vs.

**MENARD INC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 13**

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

PATRICIA STANIFER
4846 Prospect Avenue
Cincinnati, OH 45242

    *Plaintiff,*

v.

MENARD, INC.
**doing business as Menards**
5101 Menard Drive
Eau Claire, Wisconsin 54703

*and*

THYSSENKRUPP ELEVATOR
CORPORATION
c/o Corporation Service Company
40 Technology Parkway, South, #300
Norcross, Georgia 30092

    *Defendants.*

Case No. _____

Judge _____

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

Now comes Plaintiff, Patricia Stanifer ("Plaintiff"), by and through counsel, and for her Complaint against Defendants Menard, Inc. ("Menards"), doing business as Menards, and Thyssenkrupp Elevator Corporation ("TKE") states, alleges and avers as follows:

### JURISDICTION AND VENUE

1. Plaintiff is an individual and resident of Hamilton County, Ohio.

1

2. Menards is a Wisconsin corporation with it principal place of business in Eau Claire, Wisconsin and retail stores in various states, including Ohio.

3. TKE is a Delaware corporation with its principal place of business in Alpharetta, Georgia.

4. Menards owns and operates a retail store in Hamilton County, Ohio, located at 2789 Cunningham Drive, Evendale, Ohio 45241 (the "Store"). The Store at which the Incident (identified below) occurred is the only Menards' location in Evendale, Ohio.

5. TKE manufactured, assembled, installed, and maintained moving walkways at the Store.

6. While shopping at the Store, Plaintiff was injured after a fall caused by a moving walkway on the Store premises.

7. Jurisdiction and venue in this Court are proper because (a) all or part of Plaintiff's claims for relief arose in Hamilton County, Ohio; (b) the Store is located in Hamilton County, Ohio; (c) Menards and TKE each regularly conduct business in Hamilton County, Ohio; and (d) Plaintiff resides in Hamilton County, Ohio.

## Factual Allegations

8. On or about September 19, 2018, Plaintiff was shopping at the Store and was using the moving walkway when her cart suddenly and without warning became wedged along the side of the moving walkway, pinning her to the other side of the walkway and pummeling her several times before ultimately knocking her over (the "Incident").

2

9. The moving sidewalk installed by TKE at the Store is designed to transport customers and their shopping carts up and down between the first and second floor while securing the shopping carts as the customer travels on an incline.

10. After the Incident, Plaintiff has learned that these moving walkways which are designed, installed, and maintained by TKE and placed in Menard stores across the country, including the Store, are dangerous and defective and have caused numerous injuries to Menards customers.

11. Prior to the Incident, Menards and TKE were each specifically aware:

   a. that, as early as November 20, 2014, Menards advised TKE of the safety issues related to the moving walkways, including the moving walkway at the Store, and demanding warranty coverage;

   b. of several bodily injury claims and lawsuits related to carts being caught up in, trapped, or otherwise injured as a result of the operation of the moving walkways including, but not limited to, 4 lawsuits filed between March 2015 and January 2017;

   c. of multiple injury claims made against in relation to the moving walkway at the Store;

   d. that none of the defects in the moving walkway had been repaired;

   e. the moving walkways were causing a disproportionate number of injury claims;

3

      f. of emails in the possession of Menards and/or TKE that acknowledge moving walkways are designed to transport both individuals and carts; and

      g. immediate warranty coverage from TKE.

12. Despite this knowledge by both Menards and TKE, specifically the knowledge that these moving walkways including the moving walkway at the Store posed serious risk of bodily injury, Menards nevertheless continued to allow customers such as Plaintiff to use the defective walkways and neither Menards nor TKE warned Plaintiff or other Store customers of the known dangerous and defective nature of the moving walkway at the Store.

13. As a direct result of the Incident, Plaintiff was transported to Bethesda North Hospital by emergency responders immediately after the Incident.

14. As a direct result of the Incident, Plaintiff was hospitalized and treated for multiple injuries, including, but not limited to, rib bruising, back injuries, hip injuries, and pelvis injuries, and she received further treatment from subsequent medical facilities and providers.

15. Several surgical screws and portions of surgical rods in Plaintiff's back from a prior surgery had to be removed as a result of the Incident, which prevented proper healing, and has caused Plaintiff enduring and frequent back pain.

16. As a direct and proximate result of the defective conditions that caused the Incident, Plaintiff has suffered from and will continue to suffer both economic and non-

economic damages including, but not limited to, damages with respect to medical expenses, pain and suffering, distress and discomfort.

17. Plaintiff fell as a result of the defective and dangerous condition of the moving walkway in the Store.

18. The warning posted above the moving walkway at the Store did not address the defective and dangerous condition of the moving walkway, which was that shopping carts could become loose and wedge between the side and floor of the moving walkway.

19. At all times relevant to the Incident, Plaintiff was properly using the moving walkway and cart

20. Defendants knew, or had reason to know, that the moving walkway inside the Store, in conjunction with the shopping carts, was defective and dangerous.

## COUNT I
### (AGAINST MENARDS)

21. Plaintiffs incorporate by reference each of the foregoing paragraphs as if fully restated and rewritten herein.

22. At the time of the Incident, Plaintiff was a business invitee at the Store and was lawfully on the premises.

23. Among other things, Menards owed a duty to Plaintiff to maintain the Store premises, including but not limited to the moving walkway, in a reasonably safe condition for their business invitees.

5

24. Among other things, Menards owed a duty to Plaintiff to warn of known, latent, or hidden dangers at the Store, including but not limited to the moving walkway.

25. Menards was fully aware of defects with the moving walkway at the Store, which were known to Menards but hidden and latent to any customer including Plaintiff.

26. The warning sign for the moving sidewalk did not adequately warn of the potential for a shopping cart to unlock from the walkway, become wedged in the walkway, and fail wildly with violent force.

27. No action was taken by Menards to remedy the defective and dangerous conditions of the moving walkway combined with the shopping cart.

28. Menards breached its duties by, *inter alia*, failing to maintain the moving walkway in a reasonably safe condition, and/or failing to warn Plaintiff about the defective and dangerous condition of the moving walkway, particularly when a shopping cart is used on the moving walkway.

29. Menards' failure to protect customers from the defective conditions, that it knew was frequently causing serious injuries, was in conscious disregard for the rights and safety of its customers, including Plaintiff, that had a great probability of causing substantial harm.

30. As a direct and proximate result of Menards' breaches of duty, a shopping cart became pinned on the moving walkway and knocked Plaintiff down, causing Plaintiff to suffer economic and non-economic damages, sustain injuries and damages, including but not limited to, rib bruising, back injuries, hip injuries, pelvis injuries, and

6

the removal of surgical screws, as well as pain and suffering, emotional distress, some of which are permanent and will continue in the future.

31. As a direct and proximate result of Menards' breach of duty, Plaintiff has and will continue to suffer both economic and non-economic damages, in an amount in excess of $25,000, the exact amount to be proven at trial.

32. Plaintiff is entitled to punitive damages against Menards in an amount in excess of $25,000, the exact amount to be proven at trial.

## COUNT II
### (AGAINST TKE)

33. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully restated herein.

34. Defendant TKE is the designer, manufacturer, installer/assembler, and maintenance provider for the moving walkway.

35. The moving walkway was a "product" within the meaning of R.C. 2307.71(A)(12)(a) and TKE was a "manufacturer" within the meaning of R.C. 2307.71(A)(9).

36. Pursuant to Ohio's Products Liability Act, R.C. 2307.71 et seq., TKE owed a duty to Plaintiff to exercise reasonable care in the design and manufacture of the moving walkway, and the issuance of warnings of risks associated with the moving walkway.

37. There was a defect in the moving walkway designed, manufactured and sold by TKE and the defect existed at the time the product left TKE's custody and control. TKE has been aware of these defects.

7

38. TKE breached its duties by failing to design and manufacture the moving walkway to lock the shopping cart in place as intended and by failing to provide mitigation measures for foreseeable loose carts. TKE further breached its duties by placing into commerce a moving walkway system known to be defective and known to cause bodily injury.

39. TKE also breached its duty, *inter alia*, by failing to warn about the potential for carts to become unlocked from the moving sidewalk and the potential for them to flail when a cart becomes wedged on the moving walkway.

40. The defect in the moving walkway was the direct and proximate cause of Plaintiff's injuries and damages.

41. TKE's failure to protect customers from the defective conditions, that it knew was frequently causing serious injuries, was in conscious disregard for the rights and safety of others, including Plaintiff, that had a great probability of causing substantial harm.

42. Plaintiff is entitled to recover damages for her losses in an amount in excess of $25,000 to be proven at trial.

43. Plaintiff is entitled to punitive damages against TKE in an amount in excess of $25,000, the exact amount to be proven at trial.

### COUNT III
### (AS AGAINST TKE)

44. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully restated herein.

8

45. There was a defect with moving walkway manufactured and sold by TKE and the defect existed at the time the moving walkway left the hands of TKE.

46. The defect with the moving walkway was the direct and proximate cause of Plaintiff's injuries.

47. The moving walkway presented a "foreseeable risk", as defined by R.C. 2307.71(A)(6), particularly when the risk was known to TKE and Menards.

48. As a direct and proximate result of the failure of the moving walkway to conform to the representations made by TKE, the manufacturer, TKE is strictly liable to Plaintiff pursuant to R.C. 2307.77.

49. TKE's failure to protect customers from the defective conditions, that it knew was frequently causing serious injuries, was in conscious disregard for the rights and safety of others, including Plaintiff, that had a great probability of causing substantial harm.

50. As a direct and proximate result of the foregoing, Plaintiff has and will continue to suffer damages, in an amount in excess of $25,000, the exact amount to be proven at trial.

51. Plaintiff is entitled to punitive damages against TKE in an amount in excess of $25,000, the exact amount to be proven at trial.

## COUNT IV
### (As Against TKE)

52. Plaintiff incorporates by reference each of the foregoing paragraphs as if fully restated herein.

9

53. TKE is responsible for the design, manufacture, assembly, sale and distribution of the moving walkway and is responsible for representations and warranties made regarding the moving walkway. The use of carts on the moving walkway was anticipated when the moving walkway was designed, manufactured, and installed.

54. TKE either expressly represented and warranted that the moving walkway was designed and manufactured to safely transport shopping carts or it impliedly warranted that the moving walkway was designed and manufactured to safely transport shopping carts, such that they would not become loose and wedged against the side of the walkway causing them to flail.

55. After a reasonable opportunity for further investigation and/or discovery, Plaintiff anticipates that she will be able to provide additional support concerning to clarify the responsibilities, duties and representations and warranties of TKE for the moving walkway and its failure.

56. The moving walkway at the Store is and was defective at the time of its sale and the defect caused the Plaintiff to be struck by the shopping cart and fall, sustaining injuries.

57. The moving walkway at the Store was not of good and merchantable quality and was not fit or safe for its ordinary intended use.

58. TKE's failure to protect customers from the defective conditions, that it knew was frequently causing serious injuries, was in conscious disregard for the rights

10

and safety of others, including Plaintiff, that had a great probability of causing substantial harm.

59. As a direct and proximate result of TKE's breach of representations and warranties, expressed and implied, Plaintiff has and will continue to damages, in an amount in excess of $25,000, the exact amount to be proven at trial.

60. Plaintiff is entitled to punitive damages against TKE in an amount in excess of $25,000, the exact amount to be proven at trial.

**WHEREFORE,** Plaintiffs respectfully request that this Court issue the following relief:

a. As to Count I, judgment against Menards in an amount in excess of $25,000;

b. As to Count II, judgment against TKE in an amount in excess of $25,000;

c. As to Count III, judgment against TKE in an amount in excess of $25,000;

d. As to Count IV, judgment against TKE in an amount in excess of $25,000;

e. An award of all costs and fees, including reasonable attorney fees, associated with bringing this action, post judgment interest, punitive or exemplary damages as may be permitted; and

f. All other relief, both legal and equitable, to which Plaintiffs are entitled at law or in equity.

11

Respectfully Submitted,

**FLAGEL & PAPAKIRK, LLC**
*Counsel for Patricia Stanifer, Plaintiff*


*/s/ Grant Wenstrup*
James Papakirk (0063862)
Grant Wenstrup (0092551)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com
Email: gwenstrup@fp-legal.com


## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff, by and through counsel, hereby demands a trial by jury on all such issues triable by a jury in this matter.

Respectfully Submitted,

**FLAGEL & PAPAKIRK, LLC**
*Counsel for Patricia Stanifer, Plaintiff*


*/s/ Grant Wenstrup*
James Papakirk (0063862)
Grant Wenstrup (0092551)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com
Email: gwenstrup@fp-legal.com

## PRAECIPE FOR CERTIFIED MAIL SERVICE

Plaintiffs hereby request that the Clerk of Courts of Hamilton County kindly issue Summons and serve together with the Complaint by certified mail with return receipt requested, on the Defendants named herein.

Respectfully Submitted,

**FLAGEL & PAPAKIRK, LLC**
*Counsel for Patricia Stanifer, Plaintiff*

*/s/ Grant Wenstrup*
James Papakirk (0063862)
Grant Wenstrup (0092551)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com
Email: gwenstrup@fp-legal.com